United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 24-10334-NMG |
| Carlos Manuel Rodriguez, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM & ORDER

GORTON, J.

Defendant Carlos Manuel Rodriguez ("Rodriguez" or "defendant") has been charged with drug offenses under 21 U.S.C §846, §841(a)(1) and 18 U.S.C. §2 and firearm offenses under §924(c)(1)(A)(i) and §922(k). Pending before the Court is defendant's motion to suppress evidence found on his cell phone (Docket No. 142). For the following reasons, that motion will be denied.

I.   Background

The charges in this case arise from an alleged drug trafficking operation perpetrated by Rodriguez and his co-defendants Ronald Odelyn Tejeda and Erick Pimentel-Cabre in 2023 and 2024. The Cross Border Initiative Task Force ("CBI") of the Drug Enforcement Agency investigated defendants for several months, monitoring a house at 46 Melrose Street, Lawrence,

-1-

Massachusetts ("Target Location 2") and organizing controlled purchases of drugs by a confidential source.

During the course of the investigation, CBI agents observed Tejeda selling fentanyl pills to the confidential source and counting money behind Target Location 2. They observed all defendants, including Rodriguez, frequently entering and leaving Target Location 2 and saw Rodriguez in conversation with Pimentel-Cabrera immediately before the latter appeared to deliver drugs to Tejeda.

Based upon these observations, Special Agent Alexander P. Afonso ("S.A. Afonso") submitted an affidavit to Magistrate Judge Donald Cabell requesting a search warrant for Target Location 2 and all cellular phones belonging to the defendants. The affidavit stated that: 1) Rodriguez lived at Target Location 2 despite listing a different address on his Massachusetts Driver's License, 2) drug purchases had taken place at that location and 3) drug dealers frequently use cell phones to conduct their sales and store information related to their conduct. In August, 2024, Magistrate Judge Cabell issued a search warrant for, and agents conducted a search of, Target Location 2, resulting in the arrest of Rodriguez and the seizure of two cell phones found in his bedroom.

Defendant now moves to suppress evidence of his cell phones and their contents. He claims that there was no probable cause

-2-

to believe that he had cell phones in his residence or that he or his cell phones were connected to the drug activity.  The government rejoins that the affidavit afforded Magistrate Judge Cabell with facts and opinions sufficient to establish probable cause.

## II.  Motion to Suppress

### A. Legal Standard

The finding of probable cause by a magistrate judge is entitled to great deference. Illinois v. Gates, 462 U.S. 213, 236 (1983).  The issuance of a search warrant should be reversed only if the court finds no substantial basis for concluding that probable cause existed. United States v. Dixon, 787 F.3d 55, 58-59 (1st Cir. 2015).

Probable cause exists when, based upon common sense and the totality of the circumstances, there is a fair probability that evidence of a crime will be found at a particular location. Gates, 462 U.S. at 238 (1983).  The application for a warrant must demonstrate probable cause to believe that 1) a crime was committed (the "commission" element) and 2) enumerated evidence of such crime will be found at the location searched (the "nexus" element). United States v. Gonzalez, 113 F.4th 140, 148 (1st Cir. 2024).  Courts may consider the training and experience of law enforcement officers in determining probable cause. United States v. Floyd, 740 F.3d 22, 35 (1st Cir. 2014)

-3-

## B. Application

Here, defendant challenges only the nexus element.  He contends that the affidavit of S.A. Afonso contained insufficient facts linking Rodriguez, or his cell phones, to the commission of the offenses being investigated.  He therefore asserts that there was no substantial basis upon which to find probable cause or to issue the warrant.

Defendant is mistaken.  The totality of the circumstances described in the affidavit of S.A. Afonso demonstrates probable cause to believe that evidence of the drug trafficking operation would be found on defendant's cell phone.  First, the affidavit states that Rodriguez was often observed at the location and that a car registered in his name was often parked in the driveway, supporting the conclusion that he resided at the subject property.  Second, agents observed multiple controlled drug transactions at or around Target Location 2, providing the agents with probable cause to believe that evidence of such transactions would be found within the residence.  Finally, the affidavit states that Rodriguez was observed conversing with Pimentel-Cabrera shortly before one of the controlled buys.  All together, such observations support a finding of probable cause to believe that Rodriguez participated in drug trafficking at Target Location 2 and often lived at the house.

-4-

Moreover, it is common sense to assume that Rodriguez owned at least one cell phone. S.A. Afonso also stated that, in his experience, drug traffickers often use their cell phones in connection with drug transactions. That conclusion supports the finding of probable cause to believe that Rodriguez had a cell phone containing evidence of the alleged drug trafficking. The issuance of the warrant was justified.

ORDER

For the forgoing reasons, defendant's motion to suppress (Docket No. 142) is **DENIED**

**So ordered.**

_Nathaniel M. Gorton_
Nathaniel M. Gorton
Senior United States District Judge

Dated: April 2, 2026